IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BERKLEY INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. _____ |
| STEPHANIE RINCON JIMENEZ and | § | |
| ENOS FERDINAND, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Berkley Insurance Company ("Berkley"), as assignee and subrogee of Redwood Capital Group, LLC ("Redwood"), files this Plaintiff's Original Complaint against Defendants Stephanie Rincon Jimenez and Enos Ferdinand and would respectfully show the Court as follows:

## I.
## PARTIES

1. Plaintiff Berkley is a Delaware corporation engaged in the business of insurance and is licensed to do business in the state of Texas and whose principal place of business is in Greenwich, Connecticut. Berkley is a citizen of the State of Connecticut and the State of Delaware, but not a citizen of the state of Texas..

2. Defendant Stephanie Rincon Jimenez, a/k/a Stephanie Ferdinand, is an individual who, on information and belief, resides in the State of Texas and who can be served at 321 Fort Edward Dr., Arlington, Texas 76002. On information and belief, Defendant is a citizen of the State of Texas but not a citizen of the states of Connecticut or Delaware.

3. Defendant Enos Ferdinand, on information and belief, is an individual who resides in the State of Texas and who can be served at 321 Fort Edward Dr., Arlington, Texas 76002. On

information and belief, Defendant Ferdinand is a citizen of the State of Texas but not a citizen of the states of Connecticut or Delaware.

## II.
## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Berkley is a citizen of Connecticut and Delaware but not Texas, and Defendants are citizens of Texas but not Connecticut or Delaware.. There is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims herein occurred in the Northern District of Texas.

## III.
## FACTUAL BACKGROUND

6. Redwood is a real estate investment manager that owns and operates multifamily residences across the country, including the Verandahs at Cliffside, located at 1705 NE Green Oaks Blvd, Arlington, TX 76006.

7. In July 2021, Redwood regional manager Laurie Mineart noticed that revenue was not increasing despite increasing rent prices.

8. Mineart noticed the same phenomenon in August 2021, and in September 2021, she confirmed that it was a "trend." Mineart reviewed the Verandahs' electronic ledgers and found that the Verandahs' assistant property manager, Defendant Stephanie Jimenez, had made numerous questionable edits to the ledgers.

9. Mineart asked a property manager from a different property to review her findings, and that person confirmed that the revenue should have been rising and that Jimenez's edits were suspicious.

10. On October 13, 2021, Mineart confronted Jimenez telephonically about the suspicious entries in the presence of the Verandahs' property manager, Amber Holly. Jimenez quit immediately after the phone call.

11. Redwood investigated and found that Jimenez had been stealing rent payments and manipulating the Verandahs' accounts to conceal her theft.

12. Redwood then hired Kim Senn Consulting to perform a forensic accounting of the Verandahs' accounts to determine how much money Jimenez had stolen. In total, Jimenez had stolen $169,078.36. True and correct copies of Kim Senn Consulting's audit report and summary of total loss are attached hereto as Exhibit A and Exhibit B and incorporated herein by reference.

13. On information and belief, Jimenez and her husband, Defendant Enos Ferdinand, purchased the house at 321 Fort Edward Dr., Arlington, Texas 76002 on August 27, 2021, with some or all of the funds stolen from Redwood. A true and correct copy of the Warranty Deed granting the property to Jimenez and Ferdinand is attached hereto as Exhibit C and incorporated herein by reference.

14. On information and belief, Jimenez and her husband have purchased lavish vacations and other personal property using some or all of the funds stolen from Redwood.

15. On information and belief, Jimenez opened a business called DFW Elite Motors LLC on March 27, 2023, and continues to operate the business using some or all of the funds stolen from Redwood. A true and correct copy of the Certificate of Formation of DFW Elite Motors LLC is attached hereto as Exhibit D and incorporated herein by reference.

16. Redwood submitted an insurance claim for indemnity of the amounts stolen by Jimenez to its insurer, Berkley, which had issued a policy of insurance to Redwood that covered losses sustained as a direct result of theft by an employee of the insured.

17. On April 4, 2023, Berkley paid $149,078.36—the amount of Redwood's loss plus $5,000 for investigative costs, less the $25,000 deductible—to Redwood under the policy. In consideration of this payment, Redwood executed a Partial Release and Assignment, which assigned all of Redwood's claims, rights, demands and causes of action against Jimenez to Berkley. A true and correct copy of the release and assignment is attached hereto as Exhibit E and incorporated herein by reference.

18. On May 8, 2023, and June 15, 2023, Berkley, as assignee and subrogee of Redwood, demanded that Jimenez and her husband return to it the total of $169,078.36, satisfying any conditions precedent to Berkley's right to sue. True and correct copies of these demand letters are attached hereto as Exhibits F and G and incorporated herein by reference. To date, Jimenez and her husband have ignored Berkley's demands.

## IV.
## CAUSES OF ACTION

### COUNT 1
### CONVERSION

19. Berkley incorporates herein by reference paragraphs 1 through 18 of this Original Complaint as though specifically alleged herein.

20. Jimenez misappropriated funds from Redwood, thereby unlawfully exercising dominion and control over Redwood's money, and Jimenez concealed her actions by and through deceptive means.

21. As a direct and proximate result of Jimenez's misappropriation, Redwood suffered losses of $169,078.36.

22. Berkley, as the assignee and subrogee of Redwood, is entitled to recover from Jimenez Redwood's actual damages resulting from the unlawful conversion in the amount of $169,078.36, for which it now sues.

23. Further, the acts of Jimenez were committed intentionally with fraud and malice. Accordingly, Berkley, as the assignee and subrogee of Redwood, is entitled to recover exemplary damages from Jimenez, for which it now sues.

## COUNT 2
## TEXAS THEFT LIABILITY ACT

24. Berkley incorporates herein by reference paragraphs 1 through 23 of this Original Complaint as though specifically alleged herein.

25. Jimenez unlawfully misappropriated Redwood's money with the intent to deprive Redwood of its money and refused to surrender possession of Redwood's money when specifically and rightfully requested by Berkley to do so. As such, Jimenez's acts constitute a violation of the Texas Theft Liability Act, Section 134 of the Texas Civil Practice & Remedies Code

26. As a direct and proximate result of Jimenez's theft, she is liable to Berkley, as the assignee and subrogee of Redwood, for the amount of $169,078.36, and additional damages of up to $1,000, if awarded, together with court costs and reasonable and necessary attorneys' fees, as provided by the Texas Theft Liability Act, Section 134 of the Texas Civil Practice & Remedies Code, for which it now sues.

## COUNT 3
## FRAUD

27. Berkley incorporates herein by reference paragraphs 1 through 26 of this Original Complaint as though specifically alleged herein.

28. Jimenez's actions described above constitute fraud upon Redwood.

29. Jimenez knowingly misrepresented to Redwood that all rent payments were accounted for in the Verandahs' books. These representations were false because Jimenez knew that she had stolen the money and concealed her theft by manipulating the Verandahs' books.

30. These unlawful misrepresentations were material because Jimenez was able to steal $169,078.36 from Redwood as a result of her deception.

31. Redwood relied on Jimenez's material misrepresentations to its detriment.

32. As a direct and proximate cause of such material misrepresentations, Redwood was defrauded and damaged in the amount of the funds stolen by Jimenez.

33. Berkley, as the assignee and subrogee of Redwood, has been damaged in the amount of $169,078.36, for which it now sues.

34. Further, the actions of Jimenez were committed with actual malice. Accordingly, Berkley, as the assignee and subrogee of Redwood, is entitled to recover exemplary damages from Jimenez, for which it now sues.

## COUNT 4
## UNJUST ENRICHMENT

35. Berkley incorporates herein by reference paragraphs 1 through 34 of this Original Complaint as though specifically alleged herein.

36. Defendants have been unjustly enriched because they willfully, intentionally, illegally or improperly obtained money from Redwood.

37. In equity, Defendants should bear the ultimate responsibility for the loss incurred by Redwood due to their willful, wanton, intentional, and illegal conduct.

38. Despite demand, Defendants have wrongfully withheld money that belongs to Berkley as assignee and subrogee of Redwood.

39. As a result, Defendants will be unjustly enriched if allowed to retain such property.

40. Berkley, as the assignee and subrogee of Redwood, seeks relief under the equitable doctrine of unjust enrichment. Accordingly, Berkley seeks its actual damages resulting from the Defendants' willful, wanton, intentional, or illegal conduct and its payment of the loss.

## COUNT 5
## BREACH OF FIDUCIARY DUTY

41. Berkley incorporates herein by reference paragraphs 1 through 40 of this Original Complaint as though specifically alleged herein.

42. Jimenez, as an assistant property manager for Redwood's property who routinely handled rent payments and financial accounts, was in a fiduciary relationship with Redwood and owed Redwood a fiduciary duty to deal with it in an honest manner.

43. Jimenez breached her duty to Redwood by stealing rent checks and concealing her theft by manipulating the Verandahs' books.

44. As a result of Jimenez's breach of her fiduciary duty, Jimenez benefited by receiving $169,078.36 at the expense of Redwood. Therefore, Jimenez violated her fiduciary responsibilities and caused Redwood to sustain a loss.

45. Despite attempts by Berkley, Jimenez has failed to remit to Berkley the $169,078.36 she stole. Berkley, as assignee and subrogee of Redwood, has been damaged in the amount of $149,078.36, for which it now sues.

## COUNT 6
## CONSTRUCTIVE FRAUD

46. Berkley incorporates herein by reference paragraphs 1 through 45 of this Original Complaint as though specifically alleged herein.

47. Constructive fraud occurs when there is a breach of a legal or equitable duty that the law declares fraudulent because of its tendency to deceive others, to violate confidence, or to injure public interests.

48. Jimenez's conduct constituted constructive fraud.

49. In equity, Jimenez should be liable to Berkley, as assignee and subrogee of Redwood, for its damages suffered as a result of her constructive fraud.

## COUNT 7
## MONEY HAD AND RECEIVED

50. Berkley incorporates herein by reference paragraphs 1 through 49 of this Original Complaint as though specifically alleged herein.

51. By Jimenez's actions, Defendants now hold money that in equity and good conscience belongs to Berkley. Therefore, Defendants should be liable to Berkley for its damages suffered as a result of Jimenez's actions.

## COUNT 8
## CONSTRUCTIVE TRUST

52. Berkley incorporates herein by reference paragraphs 1 through 51 of this Original Complaint as though specifically alleged herein.

53. Through Jimenez's fraud and theft, Jimenez stole $169,078.36 of Redwood's money.

54. That money is identifiable as belonging to Berkley, as assignee and subrogee of Redwood.

55. That identifiable property was taken from Redwood by Jimenez's fraud and breach of fiduciary duties.

56. Berkley, as assignee and subrogee of Redwood, has an identifiable interest in the $169,078.36 because it is the amount of funds stolen from Redwood.

57. Berkley respectfully requests that this Court impose a constructive trust on the property at 321 Fort Edwards Dr., Arlington, Texas 76002 as Jimenez used some or all of the stolen funds to purchase, renovate, maintain, or pay down the mortgage of that property.

58. Berkley further requests that this Court impose a constructive trust on DFW Elite Motors LLC, its bank accounts, inventory, and any other business property as Jimenez used some or all of the stolen funds to found and operate the business.

59. Berkley requests that this Court impose a constructive trust on the money in the amount of $169,078.36 representing the amount of money Jimenez stole from Redwood.

## COUNT 9
## CONSPIRACY

60. Berkley incorporates herein by reference paragraphs 1 through 59 of this Original Complaint as though specifically alleged herein.

61. On information and belief, Defendants Jimenez and Ferdinand agreed that Jimenez would steal Redwood's money and conceal it by fraudulently manipulating the Verandahs' books.

62. On information and belief, Defendants Jimenez and Ferdinand acted with the intent to harm Redwood.

63. Defendant Jimenez stole Redwood's money by stealing rent payments and concealing it by fraudulently manipulating the Verandahs' books.

64. On information and belief, Defendant Ferdinand knowingly enjoyed the fruits of Jimenez's theft by purchasing the property at 321 Fort Edwards Dr., Arlington, Texas 76002.

65. As a result of Jimenez's and Ferdinand's agreement, Redwood was damaged in the amount of $169,078.36, and Berkley, as subrogee and assignee of Redwood, is entitled to recover that amount from Jimenez and Ferdinand.

66. Therefore, Jimenez and Ferdinand should be liable to Berkley for its damages suffered as a result of the conspiracy.

## COUNT 10
## ATTORNEYS' FEES

67. Berkley incorporates herein by reference paragraphs 1 through 66 of this Original Complaint as though specifically alleged herein.

68. Berkley has demanded that Jimenez and Ferdinand reimburse Berkley for the amounts it paid to Redwood, but they have failed to do so.

69. As a result of Jimenez's and Ferdinand's actions and failure to remit these funds as requested, Berkley has been required to retain counsel to prosecute its claims against her and has agreed to pay Clark Hill a reasonable attorneys' fee for its services.

70. Accordingly, pursuant to the Texas Theft Liability Act, Texas Civil Practice and Remedies Code § 134.005(b), Berkley is entitled to recover from Jimenez and Ferdinand the reasonable attorneys' fees incurred herein, for which Berkley now sues.

## V.
## PRAYER FOR RELIEF

Wherefore, Berkley respectfully requests that Defendants Stephanie Jimenez and Enos Ferdinand be cited to appear and answer, and that judgment be issued in favor of Berkley as follows:

a) Against Jimenez and Ferdinand in the principal sum of $169,078.36, plus prejudgment and post-judgment interest until paid;

b) Against Jimenez and Ferdinand for exemplary damages;

c) Against Jimenez and Ferdinand for Berkley's reasonable and necessary attorneys' fees and costs;

d) For all costs of court; and

e) Such other and further relief to which Berkley may be justly entitled.

Respectfully submitted,

*/s/ Michael Keeley*
MICHAEL KEELEY
Texas Bar No. 11157800
mkeeley@clarkhill.com
P. AUSTIN BRAKEBILL
Texas Bar No. 24116124
abrakebill@clarkhill.com
CLARK HILL PLC
901 Main Street, Suite 6000
Dallas, TX 75202
Telephone:	(214) 651-4718
Facsimile:	(214) 659-4121

**ATTORNEYS FOR PLAINTIFF BERKLEY INSURANCE COMPANY**